IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER, RECEIVER,

                      Plaintiff,                Case No. 3:05 CV 854

   -vs-

                                              O  R  D  E  R

CANELLA RESPONSE TELEVISION,
INC., et al.,

                      Defendant.

KATZ, J.

Pending before the Court is Plaintiff Receiver's motion for leave to file an amended complaint pursuant to Civil Rule 15(a) by adding Frank Cannella, individually, as a Defendant in this action pursuant to an alter ego theory of liability and by adding specific factual allegations and modifying the language of Count 1 of the existing complaint to "conform to the evidence" pursuant to Rule 15(b). (Doc. No. 74). The parties have filed memoranda and responses to each of their offerings; those memoranda contain well over 125 pages, all of which have been read by this Court, including the cases appended thereto. A brief history of this case should be suffice to set the issues.

This case was filed March 21, 2005; there followed extensive discovery which closed on October 6, 2006. A motion for summary judgment was filed by Defendant on November 21, 2006. The instant motion seeking leave to file an amended complaint was filed on April 30, 2007. In the meantime, Plaintiff Receiver filed a motion for partial judgment on November 13, 2006 and Defendant filed a motion to strike that motion for partial summary judgment on November 28, 2006. On December 12, 2006 Plaintiff Receiver filed his opposition to Defendant's summary

judgment motion and on the 18th of that month Cannella filed an opposition to the Receiver's motion for partial summary judgment. Thus, with some other filings having been made, by January 17, 2007 both motions for summary judgment were at issue. Three and a half months later the Receiver filed his motion for leave to file a first amended complaint and the plethora of responses and replies followed.

With respect to the addition of an individual defendant, Frank Cannella, apparently the owner of the overwhelming majority of shares of stock of the corporate defendant and the alleged "alter ego" of that corporation, the Court has reviewed the assertions of the parties. However, what strikes the Court is the lack of standing of the defendant corporation to espouse the defenses unique to an individual not before the Court and, thus, without standing in this piece of litigation. The Court agrees that the matter has been fully briefed with respect to the issue of the statute of limitations and the relation back theory as it applies to Mr. Cannella. However, since Mr. Cannella is not before the Court to assert those defenses, it appears to this Court that it would be inappropriate to rule on those issues which constitute defenses unique and personal to Mr. Cannella. Therefore, in order to get the issues properly before the Court, the motion of the Receiver to file a first amended complaint and add Mr. Cannella as a defendant in this case will be granted, same to be filed within ten (10) days after the issuance of this order.

Turning next to the issue of the amendment of the complaint as to Count 1, the Court is loathe to permit an amendment under Rule 15 so late in the day. Any facts giving rise to a right to amend would of necessity have been discovered during the period of discovery which ended October 6, 2006. Almost seven (7) months elapsed before the motion to amend was filed. Under no stretch of the cases applicable to and decided under Rule 15 could that lapse of time result in

2

any conclusion but that the motion to amend Count 1 should be denied. Obviously, if proofs at trial result in a necessity to amend a complaint, parties are granted with liberality the right to amend to conform to the facts thus proven. But, at this juncture, the Court, having reviewed the arguments of the parties and cases cited, will deny the motion to amend the complaint with respect to Count 1.

    IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE